FILED

JUN - 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO REYES, JR.,

    Plaintiff,

v.

T. VANIZ; et al.,

    Defendants.

No. C 05-1002 MHP (pr)

**ORDER OF DISMISSAL**

    Mario Reyes, an inmate currently housed at Pleasant Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court reviewed the complaint and dismissed it with leave to amend. The amended complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

    When the court reviewed the original complaint, it made three determinations. First, it determined that the complaint stated a First Amendment claim against John Does 1-4, who allegedly lost, destroyed, or diverted a habeas petition that Reyes had mailed to the Kern County Superior Court. Second, the court determined that the complaint did not state a claim for relief against defendant Vaniz, as it did not appear Vaniz did anything other than allegedly mishandle Reyes' inmate grievances and appeals, and that did not give rise to a § 1983 claim for relief. Third, the court determined that the complaint did not state a claim for relief against any defendant for denial of access to the courts because the complaint did not allege an actual injury. The court granted leave to amend so that Reyes could try to cure the

deficiencies identified in the order, i.e., attempt to allege a different basis of liability for defendant Vaniz and attempt to allege an actual injury to support a claim for denial of access to the court. The court also instructed that Reyes had provide true names and current addresses for each of the John Doe defendants.

Reyes filed an amended complaint but did not provide true names and addresses for each of the Doe defendants.

The amended complaint does not state a § 1983 claim against defendant Vaniz. Although Reyes names Vaniz in the "legal claims" portion of his amended complaint, see Amended Complaint, p. 7-8, elsewhere in his amended complaint he explains that the people who failed and refused to send the mail were John Does 1-4 and that Vaniz's role was in the denial of the administrative appeals, id. at 2-3, 6. As the court explained in its last order, Vaniz does not have liability based on the handling/mishandling of administrative appeals and grievances. Even if a defendant could be liable for his role in the administrative appeals process, the allegations of the amended complaint show that the First Amendment violation was already complete when Vaniz became involved in the process.

The amended complaint does not state a claim for denial of access to the courts because no actual injury was alleged. The alleged wrongful conduct was prison officials' failure to mail a habeas petition to the Kern County Superior Court in September 2003, so Reyes' mother had to file a copy of the petition in that court two months later. Reyes does not allege in his amended complaint how he was harmed by prison officials' alleged failure to mail the habeas petition, although the court had instructed him he needed to do so to state a claim for relief for denial of access to the courts. Reyes mentions that his petition for writ of certiorari was denied by the U.S. Supreme Court, but fails to suggest any connection between that event and the late-filed petition in the Kern County Superior Court. Reyes also mentions that he had cases in the Ninth Circuit and the Eastern District of California, but fails to allege how his late filing in Kern County impacted either of those cases. Indeed, the docket sheet for Reyes' case in the Eastern District of California shows that the court received three documents from Reyes at about the time the prison officials allegedly didn't put his materials

2

in the mail to the Kern County Superior Court. See Reyes v. McGrath, E. D. Cal. No. 02-6207 OWW-LJO, docket #34 (amended petition, filed September 5, 2003); docket # 35 (notice of commencement of exhaustion in California courts of unexhausted grounds, filed September 5, 2003) and docket # 36 (opposition to respondent's motion for panel rehearing by petitioner, filed September 15, 2003); see also docket #32 (reflecting August 21, 2003 entry of 9th Circuit order reversing and remanding case to the district court "to allow appellant the opportunity to amend his 2254 petition").

As a result of the foregoing, the case remains in the same posture as it did several months ago: only one claim has been stated and that claim (for a First Amendment violation) has been stated only against John Does 1-4. This brings the court to the Doe defendant problem. In the Order Of Dismissal With Leave To Amend, the court explained that the complaint could not be served on any Doe defendant until Reyes provided a true name and current address for the Doe defendant:

> A plaintiff may use Doe defendant designations to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. A plaintiff must promptly take steps to discover the names of the unnamed defendants and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. The court will not appoint an investigator or counsel to assist Reyes in learning the names of the Doe defendants. Reyes must provide the true names and current addresses for each of the John Doe defendants no later than **November 17, 2005** or show good cause for his failure to name them (e.g., by showing each and every step he took to learn their names and current addresses).

Order Of Dismissal With Leave To Amend, p. 3. Reyes did not provide the true names and current addresses for any of the Doe defendants. Reyes apparently made no effort at all to try to learn the names of any of the Doe defendants. He filed a motion for 60-day extension of time on November 28, 2005 to provide those names. He wrote that he had no resources to employ an investigator to obtain the names and claimed that he could use discovery "only after service of process . . . has been rendered." Telling the court he would wait until service of process occurred to learn the Doe defendants' identities was unhelpful because the court had just told Reyes it wouldn't order service of process until Reyes provided names for the

3

1 Doe defendants. A claim for relief has been stated against <u>only</u> the Doe defendants, so his
2 situation is unlikely to change: Reyes won't try to obtain the names for the Doe defendants
3 until service of process occurs and the court needs those names to order service of process.
4 The request for a 60-day extension of time to provide the Does names and the request is
5 DENIED because good cause was not shown and it would be futile. (Docket # 9). Reyes did
6 not indicate he intended to try to obtain the Doe defendants' names if given additional time,
7 and the extension of time would only have moved the deadline to January 17, 2006, and that
8 was more than five months ago. It has now been over eight months since the court ordered
9 Reyes to provide true names and addresses for the Doe defendants. It appears clear to the
10 court that Reyes cannot and will not provide the required information to serve process on the
11 Doe defendants. For this reason, the court DISMISSES this action without prejudice to
12 Reyes filing a new action if he ever learns the true names and addresses for the persons he
13 now can identify only as Doe defendants.

14     IT IS SO ORDERED.
15 DATED: May 31, 2006

                                            Marilyn Hall Patel
                                            United States District Judge